**LUBIN & ENOCH, P.C.**
Nicholas J. Enoch
Arizona Bar No. 016473
Kaitlyn A. Redfield-Ortiz
Arizona Bar No. 030318
Stanley Lubin
Arizona Bar No. 003076
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nick@lubinandenoch.com

**ANDERSON ALEXANDER, PLLC**
Austin W. Anderson *(Pro Hac Vice forthcoming)*
Texas Bar No. 24045189
Email: austin@a2xlaw.com
Clif Alexander *(Pro Hac Vice forthcoming)*
Texas Bar No. 24064805
Email: clif@a2xlaw.com
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Fax: (361) 452-1284
*Attorneys for Plaintiff Winter
and Putative Class Members*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glee Winter, Individually and on behalf of all others similarly situated, | No._____ |
| Plaintiff, | COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |
| v. | |
| Progrexion Teleservices, Inc., an Arizona Corporation, | |
| Defendant. | |

Plaintiff Glee Winter ("Plaintiff" or "Winter") brings this action individually and on behalf of all current and former hourly non-exempt call-center employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Progrexion Teleservices, Inc. (hereinafter "Defendant" or "Progrexion"), at any time from December 7, 2015 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

**OVERVIEW**

1. This is a collective action to recover overtime wages, liquidated damages and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Progrexion in its call centers at any time in the past three years through the final disposition of this matter and have not been paid for all hours worked nor the correct amount of overtime in violation of federal law.

3. Specifically, Progrexion has enforced a uniform company-wide corporate policy wherein it improperly required its non-exempt hourly call-center employees—Plaintiff and the Putative Class Members—to perform work off-the-clock and without pay.

4. Progrexion's company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a

miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.  Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.  Progrexion has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek on a routine and regular basis in the last three years.

7.  Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.

8.  Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9.  Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

**THE PARTIES**

10.  Plaintiff Glee Winter ("Winter") was employed by Progrexion during the relevant time period. Plaintiff Winter did not receive compensation for all hours worked

or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The Putative Class Members are those current and former hourly call-center employees who were employed by Progrexion at any time from December 7, 2015 through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff Winter worked and was paid.

12. Defendant Progrexion Teleservices, Inc. ("Progrexion") is a for-profit corporation whose corporate headquarters are located in Salt City Lake, Utah. Progrexion may be served through its registered agent for service of process: CT Corporation System, 3800 N. Central Ave. Suite 460, Phoenix, Arizona 85012.

**JURISDICTION AND VENUE**

13. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14. This Court has personal jurisdiction over Progrexion because the cause of action arose within this district as a result of Progrexion's conduct within this District and Division.

15. Venue is proper in the District of Arizona, because Progrexion is located in this District and Plaintiff Winter worked for Progrexion in this District.

///

///

---

[1] The written consent of Glee Winter is hereby attached as "Exhibit A."

4

**ADDITIONAL FACTS**

16. Progrexion employs more than 1,500 employees at its call centers in Utah, Idaho, Arizona, and Oklahoma. Progrexion's hourly call-center employees receive calls from Progrexion's clients and assist those clients with repairing their credit reports.[2]

17. Upon information and belief, Progrexion is a privately-held company with call centers located in Salt Lake City, Utah; North Salt Lake, Utah; West Valley, Utah; Provo, Utah; Rexburg, Idaho; Idaho Falls, Idaho; Phoenix, Arizona; and Oklahoma City, Oklahoma.

18. Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by Progrexion's clients, answering customer inquiries, troubleshooting on behalf of customers, and generally assisting customers with matters related to their credit reports.

19. Plaintiff Winter was employed by Progrexion in customer service at its call center located in Phoenix, Arizona from approximately February 2017 until May 2017.

20. Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

21. Plaintiff and the Putative Class Members work approximately forty (40) "on-the-clock" hours per week.

---

[2] https://www.progrexion.com.

22. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members often work up to two and a half hours "off-the-clock" per week and are not compensated for that time.

23. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for Progrexion as a result of Progrexion's corporate policy and practice of requiring all hourly call-center employees to be ready to take their first phone call the moment their official shift starts.

24. Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, open multiple different Progrexion computer programs, log in to each Progrexion program, and ensure that each Progrexion program is running correctly—all of which can take up to thirty minutes—before they are able to take their first phone call, which comes in as soon as their official shift starts.

25. During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start time.

26. Progrexion required Plaintiff and the Putative Class Members to be ready to accept their first customer call at the moment the employee's official shift starts. As such, Progrexion required (and continues to require) that Plaintiff and the Putative Class Members perform these start up tasks "off-the-clock" (and without pay) before their official shift begins.

27. As a result, Plaintiff and the Putative Class Members have not been compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

28. Progrexion has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

29. Progrexion is aware of its obligation to pay for all hours worked and overtime for all hours worked in excess of forty (40) each week to Plaintiff and the Putative Class Members but has failed to do so.

30. Because Progrexion did not pay Plaintiff and the Putative Class Members time and a half for all hours worked and overtime for all hours worked in excess of forty (40) each week, Progrexion's pay policies and practices violated (and continue to violate) the FLSA.

## CAUSE OF ACTION

A.   **FLSA COVERAGE**

31. All previous paragraphs are incorporated as though fully set forth herein.

32. The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY PROGREXION TELESERVICES, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM DECEMBER 7, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

33. At all times hereinafter mentioned, Progrexion has been an employer within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

34. At all times hereinafter mentioned, Progrexion has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

35. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Progrexion, these individuals have provided services for Progrexion that involved interstate commerce for purposes of the FLSA.

36. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

37. Specifically, Plaintiff and the FLSA Collective Members have been non-exempt hourly call-center employees of Progrexion who assisted customers who live throughout the United States. 29 U.S.C. § 203(j).

38. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

39. The proposed class of similarly situated employees, i.e. FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 32.

40. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Progrexion.

**B.    FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

41. Progrexion has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all hours worked and overtime for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

42. Moreover, Progrexion knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over 40 each week. 29 U.S.C. § 255(a).

43. Progrexion knew or should have known its pay practices were in violation of the FLSA.

44. Progrexion is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

45. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Progrexion to pay them according to the law.

46. The decisions and practices by Progrexion to not pay for all hours worked and the proper amount of overtime for all hours worked over 40 each week was neither reasonable nor in good faith.

47. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) hours each week pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C.  **COLLECTIVE ACTION ALLEGATIONS**

48. All previous paragraphs are incorporated as though fully set forth herein.

49. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Progrexion's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

50. Other similarly situated employees of Progrexion have been victimized by Progrexion's patterns, practices, and policies, which are in willful violation of the FLSA.

51. The FLSA Collective Members are defined in Paragraph 32.

52. Progrexion's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results

from generally applicable policies and practices of Progrexion, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

53. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

54. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

55. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime for all hours worked over forty (40) hours each week.

56. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

57. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Progrexion will retain the proceeds of its violations.

58. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

59. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 32 and notice should be promptly sent.

///

**RELIEF SOUGHT**

60. Plaintiff respectfully prays for judgment against Progrexion as follows:

 a. For an Order certifying the FLSA Collective as defined in Paragraph 32 and requiring Progrexion to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

 b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

 c. For an Order pursuant to Section 16(b) of the FLSA finding Progrexion liable for unpaid back wages due to Plaintiff (and those who FLSA Collective Members have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

 d. For an Order awarding the costs of this action;

 e. For an Order awarding attorneys' fees;

 f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

 g. For an Order awarding Plaintiff a service award as permitted by law;

 h. For an Order compelling the accounting of the books and records of Progrexion, at Progrexion's expense; and

 i. For an Order granting such other and further relief as may be necessary and appropriate.

DATED this 7th day of December, 2018.

                                  LUBIN & ENOCH, P.C.
                                  ANDERSON ALEXANDER, PLLC

                                  By: /s/ Nicholas J. Enoch
                                  Nicholas J. Enoch

                                  Attorneys for Plaintiff and the Putative Class Members

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all questions raised by the foregoing complaint.

DATED this 7th day of December, 2018.

                                  LUBIN & ENOCH, P.C.
                                  ANDERSON ALEXANDER, PLLC

                                  By: /s/ Nicholas J. Enoch
                                  Nicholas J. Enoch

                                  Attorneys for Plaintiff and the Putative Class Members