1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glee Winter, et al., | No. CV-18-04541-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Progrexion Teleservices Incorporated, | |
| Defendant. | |

On April 18, 2019, the Court issued an order granting Defendant's motion to compel ten of the Plaintiffs in this action to arbitrate their claims. (Doc. 46.) This order also solicited supplemental briefing from the parties concerning what to do with the remaining Plaintiffs, in part because it was unclear whether they'd also signed arbitration agreements. (*Id.*)

On June 25, 2019, Plaintiffs filed a memorandum conceding that Defendant has now produced arbitration agreements for all remaining Plaintiffs. (Doc. 54 at 3.) Thus, "[t]he remaining 26 Plaintiffs agree that they must arbitrate their claims on an individual basis with Progrexion." (*Id.* at 4.) However, they contend that, before the arbitrations begin, the Court should strike the "loser pays" clause from each arbitration agreement because that clause is unconscionable. (*Id.* at 4-6.)

Defendant previously indicated to the Court that it will not be enforcing the prevailing-party provisions in the arbitration agreements. (Doc. 29 at 2 ["Because Progrexion—as an accommodation to Winter—does not oppose severance of the

prevailing party language, there is no dispute with regard to that provision."].) The Court assumes that nothing has changed in this regard. Accordingly, in lieu of filing a formal reply brief by July 2, 2019, as contemplated by the scheduling order (Doc. 50), Defendant may simply certify that it will not be enforcing the prevailing-party provisions. If such a certification is provided, the Court will enter an order granting Defendant's third motion to compel (Doc. 51), with the clarification that the prevailing-party clause has been struck from each arbitration agreement, and then dismiss this action.

Dated this 26th day of June, 2019.

Dominic W. Lanza
United States District Judge